**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BASKIN ROBBINS d/b/a BASKIN ROBBINS; BEHROUZ DAMAVANDI,

Plaintiffs,

v.

SENTINEL INSURANCE COMPANY, LTD., a Connecticut corporation; HARTFORD CASUALTY INSURANCE COMPANY, an Indiana corporation; and DOES 1-10, Inclusive,

Defendants.

Case No.: 2:25-cv-07158-MEMF-RAO

**ORDER GRANTING DEFENDANT HARTFORD CASUALTY'S MOTION TO DISMISS [DKT. NO. 11-1]**

Before the Court is Defendant Hartford Casualty Insurance Company ("Hartford Casualty")'s Motion to Dismiss. Dkt. No. 11-1. For the reasons stated herein, the Court **GRANTS** the Motion to Dismiss.

/ / /

/ / /

# I. Background

## A. Factual Background[1]

Plaintiff Behrouz Damavandi was, at all relevant times, the owner and operator of a Baskin-Robbins store located at 6040 Reseda Boulevard, Tarzana, California 91356. Compl. ¶ 1. He purchased a commercial business policy for his business, where Plaintiff Baskin Robbins d/b/a Baskin Robbins was the named insured on the policy. *Id.* ¶ 2. Sentinel Insurance Company, Ltd ("Sentinel") was the named insurer on the policy. *Id.* ¶ 3.

Sentinel was authorized to conduct insurance business in the State of California, with an agent for service of process in Glendale, California. *Id.* ¶ 4. Hartford Casualty was the third-party claims administrator with authority and control over the claim handling process for Sentinel. *Id.* ¶ 5.[2] Plaintiffs Damavandi and Baskin Robbins (collectively, "Plaintiffs") allege that Hartford Casualty "acted as the agent and/or alter ego of Sentinel, and exercised complete control over the handling, investigation, and denial of Plaintiffs' insurance claim," where Hartford Casualty "directed all material aspects of the claim and participated in decisions constituting a breach of contract and breach of the implied covenant of good faith and fair dealing." *Id.* ¶¶ 7-8.

Pursuant to the business insurance policy in effect at the time of the loss, Defendants Sentinel and Hartford Casualty (collectively, "Defendants") insured Plaintiffs' business, the Baskin Robbins located at 6040 Reseda Boulevard, Tarzana, California 91356. *Id.* ¶ 14. On or about January 31, 2022, a construction project commenced at the shopping center where Damavandi's Baskin-Robbins store was located, and it continued through at least December 2023. *Id.* ¶¶ 18-19. The construction involved major structural changes, like additions of ADA compliant parking locations, ADA compliant metal guardrails, re-paving, installation of new tempered glass windows, installation of a

---

[1] The following factual allegations are derived from the allegations in Plaintiff's Complaint, Dkt. No. 1-1 ("Compl."), unless otherwise indicated. For the purposes of this Motion, the Court treats these factual allegations as true, but, at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they *are* true.

[2] Hartford Casualty is referred to as "The Hartford" and later referenced as "Hartford" in the Complaint. *See* Compl. ¶ 5. The Court interprets all of these as referencing Hartford Casualty Insurance Company, as identified in the case caption. *See generally* Motion; Opposition.

new roof, and relocation of Damavandi's store by several feet. *Id.* ¶ 21. On or about December 13, 2023, the store closed due to severe and sustained disruption to the business operations. *Id.* ¶¶ 17, 19. Plaintiffs suffered economic losses due to the physical damage and interruption from the construction. *See id.* ¶¶ 30-37, 41-42, 46. Plaintiffs timely submitted a claim for damages and loss of business income to Defendants under the applicable commercial property insurance policy. *Id.* ¶ 48. Defendants failed to conduct a proper investigation after Plaintiffs filed their claim, and they subsequently denied or severely limited coverage by deeming the construction was mere maintenance. *See id.* ¶¶ 49-54.

**B. Procedural History**

On August 4, 2025, Plaintiffs filed a Complaint against Defendants, alleging (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (3) Declaratory Relief. *See generally id.* On that same day, Defendants filed a Notice of Interested Parties. Dkt. No. 3. On September 8, 2025, Defendant Hartford Casualty filed this instant Motion. Dkt. No. 11-1 ("Motion"). On September 22, 2025, Plaintiffs filed an Opposition. Dkt. No. 12 ("Opposition"). On September 30, 2025, Hartford Casualty filed a reply. Dkt. No. 13 ("Reply").

On February 9, 2026, the Court found this matter appropriate for resolution without oral argument and vacated the hearing set for February 12, 2026. *See* Dkt. No. 18; Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. On June 4, 2026, the Court issued a notice referring this Motion to District Judge Wesley L. Hsu for determination. Dkt. No. 19.

**II. <u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee*, 250 F.3d at 679. But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As a general rule, leave to amend a dismissed complaint should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III. Discussion

Defendant Hartford Casualty moves to dismiss Plaintiffs' claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief because (1) Hartford Casualty is not a party to the contract and (2) Plaintiffs' have not sufficiently alleged alter-ego or agency liability. *See* Motion at 3-6; Reply at 2-6. Plaintiffs contend that they have sufficiently alleged alter-ego and agency theories of liability. *See* Opposition at 2-3. For the reasons discussed below, the Court finds that Hartford Casualty is not a party to the contract and that Plaintiffs have not alleged alter-ego or agency theories of liability.

### A. Plaintiffs have not sufficiently pleaded that Hartford Casualty and Sentinel are alter egos of one another.

Hartford Casualty contends that Plaintiffs have insufficiently pleaded Hartford Casualty is an alter ego of Sentinel. *See* Motion at 5-6; Reply at 2-4. Plaintiffs contend that it has sufficiently pleaded that Hartford Casualty is an alter ego of Sentinel. *See* Opposition at 2-3.

"California law recognizes an alter ego relationship, such that a corporation's liabilities may be imposed on an individual, only when two conditions are met: (1) 'there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased,' and (2) 'an adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice.'" *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003), *opinion amended on denial of reh'g sub nom. Sec. & Exch. Comm'n v. Hickey*, 335 F.3d 834 (9th Cir. 2003)

(quoting *Firstmark Cap. Corp. v. Hempel Fin. Corp.*, 859 F.2d 92, 94 (9th Cir. 1988)). Courts look at several factors to consider whether entities are alter egos of one another, including:

> commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, and use of one as a mere shell or conduit for the affairs of the other.

*Sonora Diamond Corp. v. Superior Ct.*, 99 Cal. Rptr. 2d 824, 836 (Cal. Ct. App. 2000). Courts also at times consider "inadequate capitalization, disregard of corporate formalities, [and] lack of segregation of corporate records." *Id.* But "[n]o single factor is determinative, and [] a court must examine all the circumstances to determine whether to apply the doctrine." *Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.*, 121 Cal. Rptr. 2d 1, 13 (Cal. Ct. App. 2002). "Alter ego is an extreme remedy, sparingly used." *Sonora Diamond Corp.*, 99 Cal. Rptr. 2d at 836. Nevertheless, at the motion to dismiss stage, district courts within the Ninth Circuit often apply a "lenient standard" to allegations of alter ego liability, allowing claims to proceed on such a theory where the plaintiff has pleaded, as to the first element, facts regarding only some of the relevant factors. *See Parker v. Country Oaks Partners, LLC*, No. SACV 23-00195, 2023 WL 3149330, *3 (C.D. Cal. Mar. 22, 2023); *see also, e.g., Unichappell Music, Inc. v. Modrock Prod., LLC*, No. CV 14-02382, 2015 WL 546059, at *4 (C.D. Cal. Feb. 10, 2015).

Here, Plaintiffs allege that:

> At all relevant times, Hartford [Casualty] acted as the agent and/or alter ego of Sentinel, and exercised complete control over the handling, investigation, and denial of Plaintiffs' insurance claim. . . . Hartford [Casualty] directed all material aspects of the claim and participated in decisions constituting a breach of contract and breach of the implied covenant of good faith and fair dealing.

Compl. ¶¶ 7-8. The Court deems these allegations to be mere legal conclusions couched as factual allegations and therefore accords them no deference. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). With respect to the actual factual allegations made, although it is true that both Sentinel and Hartford Casualty list the same corporate address and same trade name and service mark, *see* Opposition at 3; Ex. A, Dkt. No. 1-1; Reply at 3-4, Plaintiffs do not allege any other factor supporting a finding of alter ego, like commingling of funds, liability of debts, same employees, equitable ownership, holding out publicly as one entity, disregard of corporate formalities, or lack of

segregation of corporate records to show that there is a unity of interest and ownership between Sentinel and Hartford Casualty. *Sonora Diamond Corp.*, 99 Cal. Rptr. 2d at 836. Although Plaintiffs argue in their opposition that Hartford Casualty's President and Secretary, and not any Sentinel officers, signed the insurance policy in question, that allegation is not contained in the Complaint, nor is the policy attached thereto. *See* Ex. A, Dkt. No. 1-1; Opposition at 3. Moreover, in its Notice of Interested Parties and its Reply, Hartford Casualty contends that Sentinel is a subsidiary of The Hartford Insurance Group, Inc., and Hartford Casualty is owned by Hartford Accident & Indemnity Company, not Sentinel, where there are two degrees of separation to the Hartford Insurance Group, Inc. *See* Reply at 3 n.1; Dkt. No. 3. *See* Opposition at 2-3. Plaintiffs have pleaded no factual allegations in their Complaint to call this into question.

Finally, there are no factual allegations regarding if it would be inequitable to adhere to "the fiction of the separate existence of [Hartford Casualty]." *S.E.C*, 322 F.3d at 1128; *see also* Opposition at 2-3; Reply at 4. The fraud or inequity must be "that of the party against whom the alter ego doctrine is invoked" and that party "must have been an actor in the course of conduct constituting the abuse of the corporate privilege." *Firstmark Cap. Corp*, 859 F.2d at 94. There are no allegations in the Complaint that support the inference that Sentinel and Hartford Casualty have abused the corporate privilege such that a fraud or inequity will result. And Plaintiffs do not argue otherwise in their Opposition. *See* Opposition at 2-3.

Accordingly, the Court finds that even under a "lenient standard," Plaintiffs' allegations are merely conclusory and do not establish an alter ego between Hartford Casualty and Sentinel.

### B. Plaintiffs have not sufficiently pleaded that Hartford Casualty and Sentinel are in an agency relationship with a fiduciary duty.

Plaintiffs contend that Hartford Casualty is liable for the performance of the insurance contract as Sentinel's agent. *See* Opposition at 2-3. Hartford Casualty contends that Hartford Casualty is not a party to the contract and that Plaintiffs have not alleged an agency relationship to establish liability of a non-signatory. *See* Reply at 5-6.

Plaintiff has failed to cite the Court to any authority that finds a party to a contract may hold the non-signatory agent of the signatory party to the contract.[3] Even assuming that to be a viable theory of liability under California law, however, Plaintiffs have not sufficiently alleged the existence of a principal-agent relationship between signatory Sentinel and non-signatory Hartford Casualty.

Here, Hartford Casualty is not a party to the contract, and Plaintiffs do not rebut this contention. *See* Motion at 3; Opposition at 2-3. As to the existence of an agency relationship, Plaintiffs only allege in conclusory fashion that "Hartford [Casualty] was the third-party claims administrator with authority and control over the claim handling process . . . . [And] Hartford [Casualty] acted as the agent . . . of Sentinel, and exercised complete control over the handling, investigation, and denial of Plaintiffs' insurance claim." Compl. ¶¶ 5, 7. There are no other factual allegations to support an agency relationship with a beneficial interest or fiduciary duty.

The cases cited by Plaintiffs are inapposite. Those cases all involve an "interinsurance exchange[] that require[s] the appointment of attorneys-in-fact to execute contracts on behalf of subscriber/insureds, [who] are bound by the ordinary rule that an attorney-in-fact is an agent owing a fiduciary duty to the principal." *Tran v. Farmers Grp., Inc.*, 128 Cal. Rptr. 2d 728, 736-37 (Cal. Ct. App. 2002), *as modified on denial of reh'g* (Jan. 27, 2003); *see also Delos v. Farmers Grp., Inc.*, 155 Cal. Rptr. 843, 851 (Cal. Ct. App. 1979). Plaintiffs here do not allege an interinsurance exchange that establishes a fiduciary duty. *See* Compl. ¶¶ 7-8, 13-15. Because Hartford Casualty was not a party to the contract and because Plaintiffs do not allege an agency relationship that establishes a beneficial interest or fiduciary duty between Sentinel and Hartford Casualty, Hartford Casualty is not liable for any of Plaintiffs' claims arising from that contract. *See* Reply at 6.

---

[3] Plaintiffs' citation to *George v. Auto. Club of S. Cal.*, 135 Cal. Rptr. 3d 480, 484 (Cal. Ct. App. 2011), is unhelpful to Plaintiffs, *see* Opposition at 3, both because it does not stand for the proposition for which it was cited, and because it does not involve the question of whether to hold a non-signatory agent responsible for breach of contract by a signatory principal. Plaintiffs' counsel is warned that the Court does not take inaccurate and potentially misleading citations to inapposite authority lightly.

**C. The Court will allow Plaintiffs leave to amend as to all claims.**

The Court is to liberally grant leave to amend a dismissed complaint. *See* Fed. R. Civ. P. 15(a); *Manzarek*, 519 F.3d at 1031. Because Plaintiffs could theoretically amend their complaint to properly allege an alter ego theory and/or an agency relationship with a beneficial interest or fiduciary duty, the Court finds that amendment would not be futile. *See* Motion at 6. Therefore, the Court will grant leave to amend with respect to all dismissed claims.

## IV. Conclusion

In light of the foregoing, the Court orders as follows:

1. Hartford Casualty's Motion to Dismiss (Dkt. No. 11-1) is GRANTED WITH LEAVE TO AMEND.
2. Plaintiffs are required to amend their complaint within thirty (30) days of the date of this Order. If Plaintiffs do not file an amended complaint within thirty (30) days of the date of this Order, all claims will be dismissed as to Hartford Casualty and Plaintiffs will proceed only on the remaining claims.

IT IS SO ORDERED.

Dated: August 6, 2026

HON. WESLEY L. HSU

United States District Judge